IN THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **UNITED STATES OF AMERICA,** * | |
| * | |
| v.  * | Case No.: GJH-11-378 |
| * | GJH-97-193 |
| **BRIAN DEANDRE BUSH,** * | |
| Defendant.  * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant Brian DeAndre Bush, who is 50 years of age, is currently serving a sentence at FCI Allenwood Low in Pennsylvania based on a conviction in GJH-11-378 and a violation of supervised release in GJH-97-193. Pending before the Court is Mr. Bush's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 376, 393.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Bush's Motion is denied.

**I.     BACKGROUND**

On December 16, 2011, Mr. Bush pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine and 280 or more grams of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846. ECF Nos. 147, 148. On the same day, Mr. Bush acknowledged that he had violated the terms of his supervised release in GJH-97-0193.

---

[1] Except when specifically noted, the Court will refer to the docket in GJH-11-378.

*Id*. Attached to the plea agreement was a statement of stipulated facts describing the conduct supporting Mr. Bush's plea of guilty. ECF No. 148-1.

The stipulation states that between November 2010 and July 15, 2011, Mr. Bush and a co-conspirator received cocaine from sources of supply in Maryland, Georgia, Florida, and elsewhere and smuggled the cocaine to St. Mary's County, Maryland where it was supplied to others. ECF No. 148-1 at 1. The drug trafficking activities of Mr. Bush and his co-conspirators were captured during this time by law enforcement through recorded telephone conversations, recorded controlled conversations, surveillance, and informants. *Id*. at 6. On June 24, 2011, law enforcement officers observed Mr. Bush driving at a high rate of speed and initiated a traffic stop. *Id*. at 5. Mr. Bush exited the vehicle and attempted to flee before being apprehended with a zip lock bag containing three ounces of cocaine. *Id*. In total, based on the assembled evidence, the parties stipulated that the possession and distribution of at least 5 kilograms but less than 15 kilograms of cocaine and at least 280 grams but less than 840 grams of cocaine base were reasonably foreseeable and within the scope of Mr. Bush's participation in the conspiracy. *Id*. at 6. The parties also agreed that these activities violated his conditions of release in GJH-97-193, where he had previously been sentenced to 168 months imprisonment and a five-year period of supervised release, which had been scheduled to expire on October 1, 2014, for Conspiracy to Distribute and Possession with Intent to Distribute Cocaine. *Id*.

Defendant's sentencing hearing was held on August 27, 2013. ECF No. 315. Based on an offense level of 28 and Defendant's criminal history score placing him in criminal history category IV, the Court determined that Defendant's advisory sentencing guidelines range was 140 to 175 months. ECF No. 318 at 1. The Court sentenced Defendant to a total of 140 months incarceration for his conviction in GJH-11-378. ECF No. 317 at 2. The Court additionally

imposed a five-year term of supervised release. ECF No. 317 at 3. The Court separately imposed a sentence of 37 months incarceration for his violation of supervised release in GJH-97-193 and ordered that sentence to be served consecutive to the sentence imposed in GJH-11-378. GJH-97-193, ECF No. 314 at 2.

On October 27, 2020, Defendant filed a *pro-se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing his vulnerability to COVID-19 due to several medical conditions. ECF No. 376. On February 3, 2021, counsel for Defendant filed an Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which the Court views as a supplement to Defendant's *pro-se* filing. ECF No. 393.[2] The Government filed an Opposition on February 12, 2021, ECF No. 402, and the Defendant filed a Reply in support of the motion on February 17, 2021. ECF No. 405.[3]

## II.   DISCUSSION

Asserting that he is at serious risk of becoming severely ill from COVID-19 due to his preexisting medical conditions, Mr. Bush moves for a reduction in his sentence for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 376, 393. The Court reviews the framework applicable to Defendant's request before assessing whether Defendant has satisfied its requirements.

### A.   Governing Provisions

Recently modified by Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5238 (2018), 18 U.S.C. § 3582(c) bars courts from modifying terms of

---

[2] This filing was originally made in GJH-97-193 on January 8, 2021. GJH-97-193, ECF No. 350
[3] Defendant's Motion, the Government's Opposition, and Defendant's Reply were filed under seal with accompanying Motions to Seal, which are granted. ECF Nos. 392, 401, 404.

imprisonment once imposed unless certain conditions are met. *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). In relevant part, § 3582(c)(1)(A) provides that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1).

A complementary provision, 28 U.S.C. § 994(t), provides that the U.S. Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See United States v. Decator*, No. CCB-95-0202, 2020 WL 1676219, at *2 (D. Md. Apr. 6, 2020). The Commission has provided this description at § 1B1.13 of the U.S. Sentencing Guidelines, which states in relevant part that:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .

. . . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Application Note 1 to § 1B1.13 further details the Commission's understanding of "extraordinary and compelling reasons," which includes if a defendant has been diagnosed with a terminal illness or other serious physical or medical condition, is above the age of 65 and is in deteriorating health due to aging, has experienced certain extenuating family circumstances, or if "[o]ther [r]easons" arise that have been "determined by the Director of the Bureau of Prisons" to be "extraordinary and compelling reason[s] other than, or in combination with, the reasons described" in the Policy Statement. U.S.S.G. § 1B1.13 cmt. n.1(D). The Bureau of Prisons ("BOP") has offered its determination in a Program Statement numbered 5050.50 and titled "Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)."[4]

Judges in this district and elsewhere have found, however, that § 1B1.13 and its Application Note are inconsistent with the First Step Act. As Judge Chuang of this Court recently explained in *United States v. Mel*, while § 1B1.13 "identifies certain specific scenarios under which a sentence reduction could be warranted, it nevertheless permits a reduction based only on meeting the broad category of 'extraordinary and compelling reasons'" as determined by BOP. No. TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020) (citing U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(D)). Judge Chuang reasoned, however, that "[s]ince the First Step Act

---

[4] The Program Statement, issued January 17, 2019, is available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited July 28, 2020).

changes the law to allow a compassionate release reduction to be granted by the Court without input from the BOP, the pre-First Step Act references in the policy statement to determinations by the BOP are outdated and not binding." *Id.* Similarly, in *United States v. Decator*, Judge Blake held that "[w]hile Sentencing Commission and BOP criteria remain helpful guidance, the amended § 3582(c)(1)(A)(i) vests courts with independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." 2020 WL 1676219 at *2 (reaching this conclusion after a careful review of the relevant provisions and recent case law).

This Court recently found that these analyses are persuasive and therefore adopted the same conclusions. *See United States v. Lazarte*, No. GJH-16-296, 2020 WL 3791977, at *3 (D. Md. July 7, 2020). Accordingly, the Court's consideration of sentence reduction motions follows the three steps established by § 3582(c)(1)(A) as modified by the First Step Act. First, assuming the defendant has exhausted administrative remedies, the Court considers whether a reduction is warranted for extraordinary and compelling reasons, the meaning of which is a matter of the Court's "independent discretion." *Decator*, 2020 WL 1676219, at *2.

Next, the Court assesses whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable Policy Statement remains § 1B1.13, despite its partial nullification as a result of the First Step Act. Accordingly, pursuant to the Policy Statement, the Court must find that "[e]xtraordinary and compelling reasons warrant the reduction;"[5] that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G.

---

[5] A provision of the Policy Statement not at issue here, § 1B1.13(1)(B), provides an alternative to finding extraordinary and compelling reasons under § 1B1.13(1)(A) for Defendants who are at least 70 years old and have served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c).

§ 1B1.13. Finally, § 3582(c)(1)(A) provides that after considering the Policy Statement, the Court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."

### B. Exhaustion of Administrative Remedies

As noted previously, § 3582(c)(1)(A) requires that a defendant seeking a modification of a term of imprisonment "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant filed a request for compassionate release with the Warden and his request was denied. ECF No. ECF No. 393-1. Therefore, he has exhausted his administrative rights.

### C. Extraordinary and Compelling Reasons

The Court next considers whether Mr. Bush has sufficiently demonstrated extraordinary and compelling reasons warranting a reduction of his sentence. Mr. Bush, who is 50 years of age, asserts that he has been diagnosed with colon polyps with atypical cytology, pre-diabetes, and anemia. ECF No. 393 at 1. The website for the Center for Disease Control ("CDC") places certain underlying medical conditions into two categories; in the first category, an adult with the identified condition has an "increased risk of severe illness from the virus that causes COVID-19," and in the latter, an adult with the condition "*might be* at an increased risk for severe illness from the virus that causes COVID-19." *People with Certain Medical Conditions*, Centers for Disease Control and Prevention (Feb. 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (emphasis added). While type 2 diabetes is included on the first list, *pre*-diabetes is not listed as a risk factor. Similarly,

7

Defendant's other primary concern is that the discovery of two colon polyps places him at high risk for cancer, which would in turn make him a high risk for a poor outcome from COVID-19. ECF No. 393 at 6. However, it appears from Mr. Bush's medical records that Mr. Bush has been receiving appropriate evaluation and treatment for the polyps, ECF No. 393-2 at 7, 8, 9, 15, 20, 85, 86, and thus far they have not been determined to be cancerous, *id.* at 8. Therefore, the Court cannot say that the polyps increase the likelihood that Mr. Bush would have a poor outcome if he contracted COVID-19. Finally, anemia, although a significant health concern, has not been considered an ailment that increases the likelihood of a poor outcome from COVID-19.

Thus, while all inmates have sadly borne an increased risk of contracting COVID-19 due to the very nature of incarceration, Mr. Bush's specific circumstances do not provide extraordinary and compelling reasons warranting a sentence reduction.[6]

### III. CONCLUSION

For the foregoing reasons, Defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C § 3582(c)(1)(A)(i), ECF Nos. 376, 393, is **DENIED**.

Date: March 8, 2021

/s/
GEORGE J. HAZEL
United States District Judge

---

[6] Because Defendant has not established that extraordinary and compelling circumstances justify release, the Court need not evaluate the remaining considerations.